**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LAREDO CONSTRUCTION, INC., LAREDO OFFSHORE SERVICES, INC., and THE GRAND, LTD. Plaintiffs, vs. FUGRO USA MARINE, INC., Defendant. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:24-cv-2205  ADMIRALTY RULE 9(h)  JUDGE CHARLES ESKRIDGE |

**PLAINTIFFS' DISCOVERY AND CASE MANAGEMENT PLAN**

1. **Rule 26(f) meeting.** State where and when the parties met as required by Rule 26(f). Identify the counsel who attended for each party.
   *Plaintiffs were unable to hold a Rule 26(f) meeting with Defendant, as Defendant has not yet appeared in the case despite being served with summons on August 6, 2024 (Dkt. No. 11).*

2. **Jurisdiction.**

   a. **Basis.** Specify the basis of federal jurisdiction. Identify any disagreements about jurisdiction.

   *The Court has jurisdiction pursuant to 28 U.S.C. section 1333. There is admiralty jurisdiction over this action, as Plaintiffs and Defendant entered into a maritime contract.*

1

b. **Diversity.** For jurisdiction based on diversity, identify any disagreement about the amount in controversy. If the case involves an unincorporated entity as a party (such as an LLC, LLP, or partnership), state the citizenship of every member. Any such party must also attach to this filing an affidavit or declaration establishing the citizenship of every member.

*Not applicable.*

3. **Case background.**

a. **General description.** Briefly describe what this case is about. In addition, state the elements of each cause of action, defense, and counterclaim.

*This case stems from underlying personal injury litigation (full style in item 3(b) below). An employee of Defendant Fugro USA Marine, Inc. claims to have sustained an injury during a maritime operation. The employee sued Laredo Construction, Inc., Laredo Offshore Services, Inc., and Fugro USA Marine, Inc. in that litigation in state court (the State Action). The Grand, LTD is the owner of the vessel aboard which the employee claimed to be injured. The Grand LTD filed a limitation action (full style in item 3(b) below) to limit its liability in the State Action (the Limitation Action). Laredo Construction and Laredo Offshore Services are parties to the Limitation Action as well.*

*In the instant action, Plaintiffs have asserted the following causes of action:*

- *A Declaratory Judgment that, under the terms of a written agreement, Defendant is obligated to defend and indemnify Plaintiffs for any damages or loss Plaintiffs incur arising from the State Action or the Limitation Action. The elements of an action brought pursuant to the Declaratory Judgment Act are that there must be 1) an*

> *actual controversy, 2) within the Court's jurisdiction. 28 U.S.C. § 2201.*
> - *Breach of Contract. Plaintiffs assert that Defendant has breached the express terms of the written agreement by denying defense and indemnity to Plaintiffs in connection with the State Action and/or the Limitation Action. The elements of a breach-of-contract claim under federal maritime law are 1) a contract between the parties, 2) a breach of that contract, and 3) damages.*

b. **Related cases.** List all related cases pending in any other state or federal court. Identify the court and case number. Describe how it relates to this case.

*The State Action referenced above is* Cause No. 2023-08074; *Joshua Santos v. Fugro, Inc., Fugro (USA), Inc., Fugro USA Marine, Inc., Laredo Construction, Inc., and Laredo Offshore Services, Inc.*; in the District Court of Harris County, Texas, 190th Judicial District. This case is the underlying personal injury case.

*The Limitation Action referenced above is* Cause No. 4:23-cv-02979, *In re the Complaint and Petition of the Grand, Ltd. as Owner of the Derrick Barge Mr. Two Hooks*, in the United States District Court for the Southern District of Texas, Houston Division. This case is the limitation action brought in connection with the underlying personal injury case.

c. **Narrowing factual issues.** Specify any agreements or stipulations that can be made about any relevant facts or any element in the cause(s) of action.

*Not applicable.*

    d. **Narrowing legal issues.** State any legal issues that can be narrowed by agreement or by motion.

    *Not applicable.*

    e. **Class issues.** Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify the basis for any opposition.

    *None.*

4. **Parties.**

    a. **Unserved parties.** List any unserved parties. State a date certain by which such party will be served.

    *None.*

    b. **Additional parties.** List any anticipated additional parties. Identify the party seeking to add them, briefly explain why, and indicate a date by which to do so.

    *None currently anticipated.*

    c. **Interventions.** List and briefly explain any anticipated interventions.

    *None currently anticipated.*

    d. **Interested persons.** Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons.

    *Plaintiffs certify that they have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Parties. Defendant has not, as it has not appeared in this case.*

5. **Discovery.**

    a. **Initial disclosures.** State whether each party has completed its Rule 26(a) initial disclosures. If not, specify the date by which each party will do so.

    *Not applicable.*

    b. **Topics.** Specify the topics upon which discovery is needed. State whether the parties considered conducting discovery in phases.

    *Minimal discovery is required in relation to the formation of the contract, the corporate history of Defendant, and Defendant's denial of defense and indemnity to Plaintiffs.*

    c. **Completed.** Specify any discovery already underway or accomplished.

    *None.*

    d. **Limitations.** Describe any requested change to limitations set by the Federal Rules of Civil Procedure as to interrogatories, depositions, or other matters.

    *None at this time.*

    e. **Preservation.** Describe any issues about preservation of discoverable information.

    *None at this time.*

    f. **Disputes.** Specify any discovery disputes.

    *None.*

6. **Orders.**
    a. **Scheduling and docket control order.** State whether any party requests a change to the scheduling and docket control order entered in this case. Specify reasons for any extension believed necessary and clearly indicate any disagreements. Complete and attach a proposed scheduling and docket control order reflecting any extension sought.

        *Not applicable.*

    b. **Protective order.** State whether the parties will submit for entry a protective order. Describe any issues about confidentiality.

        *Plaintiffs do not intend to submit for entry of a protective order.*

    c. **E-discovery order.** State whether the parties will submit for entry an order with respect to electronic discovery. Describe any issues about disclosure or discovery of electronically stored information.

        *Plaintiffs do not intend to submit for entry of an order with respect to electronic discovery.*

7. **Settlement.** Discuss the possibility for prompt, agreed resolution of the case at the Rule 26(f) meeting. State whether the parties are amenable to early mediation or other settlement attempt.

    *Unknown at this time.*

8. **Trial.**
    a. **Magistrate Judge.** Indicate the parties' joint position on referral of this case for all purposes, including trial, to Magistrate Judge Christina A. Bryan.

        *Not applicable.*

b. **Jury demand.** Identify any party that has made a jury demand and whether it was timely.

*Not applicable.*

c. **Length of trial.** Specify the number of hours it will likely take to present the evidence at trial in this case.

*Plaintiffs anticipate that this case will likely take sixteen (16) hours to present the evidence at trial in this case.*

9. **Pending motions.** List all pending motions. Specify any appropriate for argument at the initial pretrial conference.

*None at this time.*

10. **Other matters.** List any other matter that deserves attention at the initial pretrial conference.

*None at this time.*

Respectfully submitted,

**SCHOUEST, BAMDAS, SOSHEA, BENMAIER & EASTHAM, PLLC**

*/s/ Susan Noe Wilson*
**SUSAN NOE WILSON**
Texas Bar No. 15055025
S.D. Tex. ID No. 15092
snoewilson@sbsb-eastham.com
1001 McKinney St., Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
***Attorney for Plaintiffs Laredo Construction, Inc., Laredo Offshore Services, Inc. and The Grand, LTD.***

7

OF COUNSEL
**SCHOUEST, BAMDAS, SOSHEA, BENMAIER
& EASTHAM PLLC**

**MICHAEL W. HOGUE**
Texas Bar No. 09809800
S.D. Tex. ID No. 8442
mhogue@sbsb-eastham.com
**MARILYN VILANDOS**
State Bar No. 24034689
S.D. Tex. ID No. 32332
mvilandos@sbsb-eastham.com
**DYLAN SPECK**
Texas Bar No. 24102528
S.D. Tex. ID No. 30353983
dspeck@sbsb-eastham.com
**ROBERT P. VINING**
Texas Bar No. 24049870
S.D. Tex. ID No. 35870
rvining@sbsb-eastham.com
1001 McKinney, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942

and

**CARRA MILLER**
Texas Bar No. 24103937
S.D. Tex. ID No. 3162385
cmiller@sbsb-eastham.com
807 N. Upper Broadway, Suite 201
Corpus Christi, Texas 78401
Telephone: (361) 356-1102